# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **PHENIX LONGHORN, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO.  2:18-CV-00020-RWS |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## JOINT MOTION FOR ENTRY OF DOCKET CONTROL, DISCOVERY, AND PROTECTIVE ORDER

Plaintiff Phenix Longhorn, LLC ("Phenix" or "Plaintiff") and Defendant Texas Instruments, Inc. ("TI" or "Defendant"), hereafter referred to as "the Parties," file this Joint Motion for Entry of Docket Control, Discovery, and Protective Orders.

The Docket Control and Discovery Orders are agreed to.  The proposed Docket Control Order is attached as Exhibit A.  The proposed Discovery Order is attached as Exhibit B.

At the time of filing, disputes remain as to the Protective Order, specifically with respect to the source code provisions in paragraph 10 and the prosecution bar in paragraph 11.  Each party's proposals are identified in the attached proposed disputed Protective Order (Exhibit C), and each party's position is set forth below.

The parties are continuing to narrow the disputes and expect to provide further updates to the Court on remaining disputes in advance of the scheduling conference.

### Plaintiff's Position

At this time Phenix believes that TI's requirements on the total number of pages of source

1

code that can be copied and the number of lines of code per page limitations are overly restrictive and create an undue burden on Phenix to comply with at this stage of the case since Phenix does not know how much of TI's source code that Phenix's experts will need to review and whether Phenix's experts will need to examine more lines of source code than is allowed under TI's proposal. Phenix cannot agree to these restrictions in advance without knowing these variables and to impose these restrictions on Phenix at this early point in discovery would unfairly limit Phenix's ability to obtain the discovery it needs to establish its claims. In addition, this protocol is unduly cumbersome, overly complicated and restrictive and is not required by the Court's model Protective Order. Indeed, Phenix maintains that the Court's model order should govern.

Regarding the prosecution bar, Phenix believes this restriction should apply equally to both parties. Phenix believes TI's proposal for the exception to the definition of "prosecution" is not sufficiently narrow to prevent the unfair use of access to confidential materials for utilization in proceedings other than this action.

**Defendants' Position**

*Source Code Protections.* *(para. 10)*

First, TI has proposed security-related limitations on the review and printing of Source Code Material so that its highly sensitive confidential information[1] is adequately protected from inadvertent dissemination. The protections TI has included are customary requirements for TI that have been applied by this Court in prior cases. *See Semcon IP Inc., v. Huawei Devices USA Inc. et al.*, No. 2:16-CV-00437 (E.D. Tex. Jan. 12, 2017); *Complex Memory, LLC v. Texas Instruments,*

---

[1] As the Court is well aware, source code is among the most guarded business assets in the world. *See, e.g.*, *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 1:12-mc-193, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) ("Source code[] [is] the most sensitive and confidential property," and "extreme measures are ordered to protect [its] confidentiality"); *Adobe Sys. Inc. v. Macromedia, Inc.*, No. 1:00-cv-743, 2001 WL 1414843, at *1 (D. Del. Nov. 5, 2001) ("[T]he source codes . . . are of critical importance to [the party's] business and must be provided the highest form of protection a court can provide in the context of a particular case.").

*Inc., et al.*, No. 2:17-cv-00699 (E.D.Tex. Feb. 23, 2018); *Fundamental Innovation Systems International, LLC v. LG Electronics, Inc., et al.*, No. 2:16-CV-01425 (E.D. Tex. April 30, 2018). Further heightening the need for these protection in this case, during the parties' discussions, Phenix expressed its intent to print **all** of TI's Source Code Material for its expert to later evaluate at his leisure in an unspecified offsite location.[2] This is unacceptable and fails to recognize the very reason thiss type of material is treated differently and is not simply produced as other documents in a case. Disclosure of TI's highly confidential Source Code Material, be it unintentional or intentional, would cause devastating harm to TI's competitive position. *Viacom Int'l. Inc. v. YouTube Inc.*, 253 F.R.D. 256, 259 (S.D.N.Y. 2008) ("Someone with access to [source code] could readily perceive its basic design principles, and cause catastrophic competitive harm . . . by sharing them with others who might create their own programs without making the same investment.").

    TI's proposal does not prejudice Phenix's ability to prepare its case. It permits the reviewing party to inspect its Source Code Material without limitations on time, but with reasonable security measures in place, such as reasonable limitations on the number of pages of Source Code Material that can be printed and other measures to prevent the potential to sidestep by copying code into notes.

    These limits on printouts and copies are reasonable in light of this being a one-patent case involving 4 asserted claims. Moreover, Phenix has only accused five of TI's integrated circuits, all from the same family of products. Phenix's proposal to have no limits other than a "reasonable number" of printouts and photocopies will only open the door for future disputes, especially in

---

[2] Phenix has provided no other basis for objecting to any other protections TI proposes. TI provided its proposal less than one day after receiving Phenix's draft protective order, and when the parties held an extended discussion the next day, Phenix had not yet reviewed TI's proposals.

light of Phenix's apparent interpretation of this provision. Phenix's proposal is also one-sided because Phenix, as a non-practicing entity, likely has no source code to produce in this litigation.

In addition to adopting similar provisions in other cases involving TI, this Court has adopted similar restrictions in a case involving substantially greater complexity than this one. *See Fundamental Innovation Sys. Int'l, LLC v. Samsung Elec. Co.*, No. 2:17-cv-00145-JRG, Dkt. 57 (E.D. Tex. July 21, 2017) (limiting the number of printed pages to 75 consecutive pages, or an aggregate total of 950 pages in a case involving ten asserted patents from three different patent families against six distinct product categories); *see also id.* at Dkt. 52-2 (showing that plaintiff requested a "reasonable" number of printed pages). In some instances, even more stringent restrictions have been adopted by this Court. *See SecureNet Sols. Grp., LLC v. Agent Video Intelligence, Inc.*, No. 2:15-cv-01857-JRG-RSP, Dkt. 97 (E.D. Tex. May 20, 2016) (limiting the number of printed pages to a total of 125 pages in a case involving four asserted patents against multiple defendants accusing several suites of software products); *see also id.* at Dkt. 67 (showing that plaintiff requested more printed pages).

### *Prosecution Bar Limitations.* *(para. 11)*

First, TI proposes the prosecution bar be limited to Phenix. Phenix does not currently sell any products, meaning Phenix does not have highly confidential information of a type that would justify making the prosecution bar bilateral, i.e., the risk that an attorney would learn about Phenix's products and either inadvertently or intentionally use that information to shape the scope of patent claims to encompass the products. *See DN Lookup Technologies v. Charter Communications, Inc.*, No. 11-1177-LPS (D. Del. June 11, 2012). As this court has repeatedly recognized, imposing a prosecution bar on a defendant where there is no corresponding risk of inadvertent disclosure or misuse of Phenix's confidential information unnecessarily imposes an

4

immense burden on the defendant's counsel. *See Smartflash LLC v. Apple Inc.,* No. 6:13-cv-447 (E.D. Tex. May 12, 2014); *Geotag v. Aromatique, Inc., et al*, No. 2:10-cv-570 (E.D. Tex. Jan. 8, 2013); *NovelPoint Tracking LLC v. Hewlett Packard Co.*, No. 2:12-cv-716, ECF No. 49 (E.D. Tex. July 2, 2013); *Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-cv-159, 2007 U.S. Dist. LEXIS 102190, at *11-12 (E.D. Tex. July 24, 2007). For this reason, it is not uncommon for a similarly situated plaintiff to agree to one-way prosecution bars. *See, e.g.*, *Intellectual Ventures I LLC, v. T-Mobile USA, Inc.*, No. 2:17-cv-577, ECF No. 64 (E.D. Tex. Dec. 20, 2017); *Alacritech, Inc. v. Tier 3*, No. 2:16-cv-693, ECF No. 75 (E.D. Tex. Nov. 8, 2016). Phenix has articulated no reason to deviate from this practice. Therefore, the prosecution bar should be limited to Plaintiff's attorneys who review Defendant's highly confidential information.

Second, Phenix's proposal allows its outside counsel and experts to participate in drafting and amended claims in post-grant proceedings, such as *ex parte* reexamination. TI's proposal allows Phenix's counsel to participate in *inter partes* review proceedings, with a limitation on amending claims, which protects TI while still allowing Phenix reasonable participation from its outside counsel. *Foundation Medicine, Inc. v. Guardant Health, Inc.*, No. 2:16-cv-00523 (E.D. Tex. June 4, 2017) (citing *Aylus Networks, Inc. v. Apple Inc.* (Fed. Cir. May 18, 2017) (statements made by patent owner in IPR can "narrow[ ] the meaning of the claim consistent with the scope of the claim surrendered")).

Dated:  May 10, 2018                      Respectfully submitted,
  *For Plaintiff*                                     *For Defendant*

By:  */s/ Lewis E. Hudnell, III*           By: */s/ Andrea L. Fair by permission Lewis Hudnell*
NICOLAS S. GIKKAS (Lead Attorney)    Amanda A. Abraham
California State Bar No. 189452 (admitted    Texas Bar No. 24055077
  E.D. Texas)
Email: nsg@gikkaslaw.com                aa@rothfirm.com
LEWIS E. HUDNELL, III                   **ROTH LAW FIRM**

| | |
|---|---|
| California State Bar No. 218736 (admitted E.D. Texas)<br>Email: leh@gikkaslaw.com<br>THE GIKKAS LAW FIRM, P.C.<br>530 Lytton Avenue<br>2nd Floor<br>Palo Alto, California 94301<br>Telephone: (650) 617-3419<br>Facsimile: (650) 618-2600<br><br>ANDY TINDEL<br>Texas State Bar No. 20054500<br>MT2 LAW GROUP<br>MANN \| TINDEL \| THOMPSON<br>112 East Line Street, Suite 304<br>Tyler, Texas 75702<br>Telephone: (903) 596-0900<br>Facsimile: (903) 596-0909<br>Email: atindel@andytindel.com<br><br>**ATTORNEYS FOR PLAINTIFF** | 115 North Wellington, Suite 200<br>Marshall, Texas 75670<br>Telephone: (903) 935-1665<br><br>Wesley Hill<br>State Bar No. 24032294<br>wh@wsfirm.com<br>Andrea L. Fair<br>State Bar No. 24078488<br>andrea@wsfirm.com<br>**WARD, SMITH & HILL, PLLC**<br>1507 Bill Owens Pkwy<br>Longview, Texas 75604<br>(903) 757-6400<br><br>Ranganath Sudarshan<br>rsudarshan@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br><br>Jennifer D. Cieluch<br>jcieluch@cov.com<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 841-1000<br><br>**COUNSEL FOR TEXAS INSTRUMENTS INCORPORATED** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of May 2018, with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Lewis E. Hudnell, III*